IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MITCHELL D. DIVENTURA        F I L E D          CIVIL ACTION

v.                           OCT 3 1 2007

JAMES WYNDER                 MICHAEL E. KUNZ, Clerk   NO. 07-2846
                             By _____  Dep. Clerk


MITCHELL D. DIVENTURA              :        CIVIL ACTION
                                   :
v.                                 :
                                   :
JOHN MORGANELLI, ESQ.              :        NO. 07-3975


## ORDER - MEMORANDUM

AND NOW, this 31st day of October, 2007, it is hereby **ORDERED** that:

1.    Civil Action 07-cv-2846 is **DISMISSED WITH PREJUDICE** pursuant to 28
      U.S.C. § 2244(b).

2.    Civil Action 07-cv-3975 is **DISMISSED WITH PREJUDICE** pursuant to 28
      U.S.C. § 2244(b), or in the alternative as frivolous pursuant to 28 U.S.C. § 1915A.

3.    There is no is probable cause to issue a certificate of appealability.

4.    The Clerk of Court shall mark these matters as **CLOSED** for all purposes,
      including statistics.

_____

Mitchell D. Diventura has filed a two civil actions, one labeled as a "Motion for Equitable
Relief in the Exercise of this Court's Inherent Article III Powers and/or for Relief from Judgment
28 U.S.C. Rule 60(b)(6)," (Civ. A. 07-2846), and the other labeled as a "Compliant for Equitable
Relief pursuant to Article III U.S. Constitution and Fed. R. Civ. P. 60(b)(6)" (Civ. A. 07-3975).
Pursuant to § 2244(b)(1), the Motion for Relief and the Complaint are construed as habeas corpus

petitions, and dismissed as "second or successive" applications.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241-2266, governs the right of all persons in state custody to file a petition in a federal court seeking the issuance of a writ of habeas corpus. By means of AEDPA, Congress intentionally created a series of restrictive gate-keeping conditions which must be satisfied for a prisoner to prevail on a petition seeking the issuance of a writ of habeas corpus. One such intentionally restrictive gate-keeping condition is AEDPA's "second or successive rule" that generally forbids a litigant from filing a habeas petition if that litigant had at least one prior habeas petition that was dismissed with prejudice. 28 U.S.C. § 2244(b)(1). The strict AEDPA gate-keeping procedures were enacted by Congress in order to support the policy of creating finality with respect to state and federal criminal prosecutions. Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3d Cir. 2004).

DiVentura asserts that he was convicted of murder in the Court of Common Pleas of Northampton County, Pennsylvania in 1982. In 1995, DiVentura filed a 28 U.S.C. § 2254 habeas petition, DiVentura v. Stepanik, Civ. A. No. 95-443 (E.D. Pa.), attacking the same conviction and/or sentence attacked in his Motion and Complaint. His 1995 petition raised eleven separate legal claims, seven of which were dismissed on grounds of procedural default. A dismissal based on procedural default constitutes a dismissal with prejudice, thereby triggering the second or successive rule. See, e.g., In re Cook, 215 F.3d 606, 607-608 (6th Cir. 2000) (holding that dismissal of initial § 2254 petition for unexcused procedural default was a dismissal "on the merits" and that prisoner's later habeas petition was "second or successive" and must be authorized by Court of Appeals);

---

[1]In the alternative, the Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915A. We note that Civ. No. 07-3975 is a counseled complaint and DiVentura paid the applicable filing fee. Nonetheless, the screening requirement of section 1915A applies to such a complaint. See McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997) (holding that a district court is required to screen all civil cases pursuant to § 1915A brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners), cited with approval in Grayson v. Mayview State Hosp., 293 F.3d 103, 109 n.11 (3d Cir. 2002).

accord <u>Carter v. United States</u>, 150 F.3d 202, 205-206 (2nd Cir. 1998); <u>Hawkins v. Evans</u>, 64 F.3d 543, 547 (10th Cir. 1995); <u>Harvey v. Horan</u>, 278 F.3d 370, 379-380 (4th Cir. 2002).[2]

In his Motion and Complaint, DiVentura claims that he filed a Post Conviction Hearing Act petition in state court challenging this 1982 Northampton County conviction, which, according to petitioner, was withdrawn in 1987. He alleges that he should be released from state custody because he agreed to withdraw his Post Conviction Hearing Act petition based on an agreement he reached with the Commonwealth that both the Commonwealth and the presiding judge at his trial would recommend to the governor that he be granted executive clemency. He claims that he filed petitions for executive clemency in 1987 and 1989, and that both of these petitions were denied by the governor despite the fact that they were supported by the Commonwealth, the trial judge, and the Board of Pardons. DiVentura claims that the prosecutor who brokered the alleged "deal" in 1987 passed away in 1990, and that in 2004, the Commonwealth reneged on the alleged 1987 "deal." The relief he seeks in both the Motion and the Complaint is for this Court to order state officials to reinstate his Post Conviction Hearing Act petition.

We find that these claims are clearly habeas claims governed by AEDPA. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973) (holding that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a write of habeas corpus."). While the relief DiVentura seeks, reinstatement of his state petition, does not directly ask for his release from custody, it does implicate both the fact and duration of his continued confinement. Accordingly, we find that he seeks relief in the nature of habeas corpus. Nonetheless, in both his Motion and his Complaint, DiVentura bases his grounds for relief not on AEDPA, but on: 1) Fed. R. Civ. P. 60(b); 2) the alleged existence of "equity jurisdiction" in federal courts which allegedly cannot be limited by Congress; and 3) the allegation that 28 USC §2243 allegedly stands

---

[2]The other four claims in 95-cv-0443 were dismissed without prejudice on grounds of petitioner's failure to exhaust his state remedies.

by itself to justify relief for petitioner. We find that all three of these bases are improper.

The attempt to invoke Federal Rule of Civil Procedure 60(b) to obtain relief in the nature of habeas corpus based upon the United States Constitution must fail, as any attempt to challenge the merits of a previous or underlying decision involving constitutional claims may only be pursued by a prisoner by means of a habeas corpus petition filed pursuant to AEDPA. Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004). The United States Supreme Court has held that the express language of AEDPA evinces congressional intent that AEDPA, and only AEDPA, is the basis of relief from incarceration for prisoners who assert they are entitled to release from custody based on the United States Constitution. Gonzalez, 545 U.S. at 529; accord Pridgen, 380 F.3d at 727 (holding that when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition to be consonant with Congress's goal of restricting the availability of relief to habeas petitioners). "Rule 60(b) applies . . . only to the extent that it is not inconsistent with [AEDPA]." Gonzalez, 545 U.S. at 529.

In Gonzalez, the Supreme Court held that federal statutes, such as AEDPA, take precedence over any rule of court (including Rule 60(b)), and that where a prisoner files a purported Rule 60(b) motion which makes an argument based upon the United States Constitution, the purported Rule 60(b) petition is to be treated as a habeas petition subject to the second or successive rule of AEDPA. Gonzalez, 545 U.S. at 531. See also, Pridgen, 380 F.3d at 727 (holding that when a Rule 60(b) motion is in conflict with provisions of AEDPA or is a direct attack on a state conviction, it constitutes the equivalent of a successive habeas corpus petition and should be dismissed). The fact that habeas corpus relief pursuant to AEDPA is precluded by AEDPA's "second or successive rule," forecloses an alternative route to the same goal by means of a motion pursuant to Rule 60(b). Gonzalez, 545 U.S. at 531. As the Third Circuit Court of Appeals held, if a petitioner could, by means of such a Rule 60(b) petition, get around Congress's clear intent in adopting AEDPA, the result would be "a complete miscarriage of justice." United States v. Baptiste, 223 F.3d 188, 190

-4-

(3d Cir. 2000), accord <u>Pridgen</u>, 380 F.3d at 721 (3d Cir. 2004).[3]

In both his Motion and his Complaint, DiVentura also asserts that there is some inalienable "equity jurisdiction" that rests with federal courts pursuant to Article III of the U.S. Constitution, and that this "equity jurisdiction" allegedly cannot be subject to congressional limitation. We must reject this assertion as frivolous. Article III, Section 2, Clause 2 of the United States Constitution bestows upon Congress the authority to both make "Exceptions" to the jurisdiction of federal courts, and to create "Regulations" limiting our jurisdiction. DiVentura's argument that Congress has acted unconstitutionally in limiting the habeas corpus jurisdiction of federal courts must therefore fail. So too must his claim in his Complaint that Article III confers upon the district court plenary equitable powers to revisit the judgment entered in a prior habeas case, since such a power would ignore Congress's express limit on the jurisdiction of the federal courts over second or successive habeas petitions.

Finally, DiVentura is incorrect when he asserts that he may assert his claims under 28 U.S.C. § 2243, which does not contain the second or successive provision. Section §2243, like § 2244, is part of Chapter 153 of Title 28 of the United States Code. Both statutes, by their own terms, deal with the concept of "habeas corpus." Section § 2244(b), however, specifically lays down procedures related to second or successive habeas corpus petitions attacking state custody, whereas § 2243 does not even mention the concept of second or successive habeas corpus petitions attacking state custody. In situations where a petitioner is seeking habeas corpus relief and two different parts of

---

[3]In the context of prisoners, the only way that a Rule 60(b) motion would not be treated as a de facto AEDPA petition is if the Rule 60(b) Motion did not in any way attack the prisoner's conviction and/or sentence with an argument based upon the federal constitution, federal law or federal treaties. <u>Gonzalez</u>, 545 U.S. at 530-31. An example of such a case where the court could consider such a Rule 60(b) motion is where the previous habeas decision was denied without merits consideration, and the prisoner attacks solely the basis of how that previous non-merits decision was procured without making an argument based upon the federal constitution, federal law or federal treaties (such as attacks on how the previous habeas case was found by the court to be procedurally defaulted, or attacks on how the previous habeas case was found by the court to not be in compliance with the statute of limitations). <u>Id.</u> Diventura's Motion does not fall within the narrow exception to the general rules of AEDPA and Rule 60(b) carved out by the U.S. Supreme Court in <u>Gonzalez</u>.

the habeas corpus statues may apply, the more specific habeas corpus statute takes precedence over the more general habeas corpus statute. Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). Accordingly, DiVentura is incorrect when he states that 28 U.S.C. § 2244 does not apply to cases purportedly seeking relief based upon 28 U.S.C. § 2243 alone.

BY THE COURT:

John R. Padova, J.